**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

ELIZABETH ANN WINFREY,

        Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES,
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION, LLC,

        Defendants.

Case No.  4:26-cv-00516-CMS

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint

and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of

itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies

any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint,

Equifax responds as follows:

**INTRODUCTION AND JURISDICTION**

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer for violations of the of
the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.* ("FCRA").

324954902v.1

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶2:**

This Court has jurisdiction of the FCRA claim under 15 U.S.C. §1681q, 15 U.S.C. §1681k and 28 U.S.C. § 1331.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue is appropriate in this Court under 28 U.S.C. §1367(a) because Plaintiff resides in this District, Plaintiff suffered damages in this District, one or more of the Defendants regularly conduct business in this District, and Defendants directed their illicit conduct at Plaintiff in St. Louis County, Missouri.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**COMPLAINT ¶4:**

Plaintiff demands a trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

324954902v.1

## PARTIES

**COMPLAINT ¶5:**

Plaintiff is a natural person currently residing in St. Louis, Missouri and is a consumer within the meaning of FCRA, 15 U.S.C. §1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶6:**

Equifax Information Services, LLC ("Equifax") is a foreign limited liability company. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

**ANSWER:**

Equifax admits that it is a Georgia limited liability company. Equifax also admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶7:**

Experian Information Solutions, Inc. ("Experian") is a foreign corporation. Experian is a "consumer reporting agency or CRA" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

3

324954902v.1

**COMPLAINT ¶8:**

Trans Union, LLC ("Trans Union") is a foreign limited liability company. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

Defendants Equifax, Experian and Trans Union disburse such consumer reports to third-parties under contract for monetary consideration.

**ANSWER:**

Equifax admits that, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation.  Equifax denies the remaining allegations in this paragraph.

## FACTS

**COMPLAINT ¶10:**

Plaintiff had an inaccurate, negative and false account listed on her credit reports from Bank of America, which listed a false balance of roughly $17,000.

**ANSWER:**

Equifax admits that, at times, Bank of America has furnished information to it concerning Plaintiff. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

Plaintiff is a victim of identity theft. On June 4, 2025 an unknown fraudster received unauthorized access to her account or card number and ran up dozens of charges that day totaling

4

324954902v.1

roughly $17,000. The merchants names were: Jazzcash Isalmabad, Royal Allied Build Dubai and Emirates Key Sharjah.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

Plaintiff has no idea who these merchants are and never authorized the charges, received any benefit from the charges, or gave any one permission to make these charges in her name.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶13:**

Upon information and belief, these merchants are located in the middle east, particularly Syria and Dubia. Plaintiff has no ties to these countries and has never even visited them. The date the purchases were made she was in St. Louis, Missouri.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶14:**

Further, these charges are uncharacteristic of Plaintiff's normal purchases. Plaintiff also had a $5,000 credit limit on her card but these unknown fraudsters were able to rack up charges well in excess of her credit limit. Plaintiff is unsure how the fraudster was able to spend over 3 times her credit limit in one day and why Bank of America allowed it, let alone that many foreign transactions from the middle east.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

324954902v.1

**COMPLAINT ¶15:**

After disputing the accounts with Bank of America, Plaintiff also notified the Defendant credit bureaus in writing, that they were reporting inaccurate credit information in her credit report and that she was a victim of identity theft. Plaintiff sent the CRA Defendants requests for reinvestigation of the information that was inaccurate.

**ANSWER:**

Equifax admits that it has received letters from Plaintiff concerning the Bank of America account, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

**COMPLAINT ¶16:**

Plaintiff included a detailed dispute to Defendants as well as proof of the inaccuracy, including a police report and other documents that showed the false balance and charges.

**ANSWER:**

Equifax admits that it has received letters from Plaintiff concerning the Bank of America account, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

**COMPLAINT ¶17:**

Plaintiff has sent several written disputes to the credit bureaus beginning in July 2025 up and until the filing of this lawsuit.

**ANSWER:**

Equifax admits that, since August 2025, it has received letters from Plaintiff concerning the Bank of America account, the contents of which speak for themselves.

**COMPLAINT ¶18:**

Upon information and belief, Defendants Equifax, Trans Union and Experian using their normal practices, communicated Plaintiff's dispute to Bank of America and represented to them that Plaintiff claimed the debt was not owed and the account should be deleted.

324954902v.1

**ANSWER:**

Equifax admits that it has contacted Bank of America in connection with its investigation of certain of Plaintiff's disputes.

**COMPLAINT ¶19:**

Upon information and belief, Defendants never contacted any relevant witnesses including the Plaintiff or the merchants to verify the information. Defendants instead verified the inaccurate credit information and left it reporting in response to Plaintiff's disputes.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Defendants Equifax, Trans Union and Experian failed to conduct a reasonable reinvestigation of Plaintiff's disputes and failed to comply with the reinvestigation requirements under 15 U.S.C. §1681.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶21:**

Defendants Equifax, Trans Union and Experian also failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports as required by 15 U.S.C. §1681e(b).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶22:**

Defendants also did not comply with the provisions of 15 U.S.C. § 1691c-2, including failing to block information that resulted from identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

324954902v.1

**COMPLAINT ¶23:**

As a result of Defendants' conduct, actions and inaction, Plaintiff suffered actual damages in the form of denial of credit as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation for credit worthiness.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶31:** *[sic]*

Defendants' conduct, actions and inactions were willful.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT I – FCRA**

**15 U.S.C. § 1681o (Experian, Equifax and Trans Union)**

**COMPLAINT ¶32:**

Plaintiff re-alleges and incorporates by reference the above paragraphs.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶33:**

Defendant CRAs negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a)    failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports, as required by 15 U.S.C. §1681e(b);

    b)    failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts; and

    c)    failing to comply with the provisions of 15 U.S.C. §1691c-2, including failing to block information that resulted from identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶34:**

As a result of Equifax, Experian and Trans Union's negligent violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶35:**

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶36:**

Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(b).

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## COUNT II – FCRA

### 15 U.S.C. § 1681n (Experian, Equifax and Trans Union)

**COMPLAINT ¶37:**

Plaintiff realleges and incorporates by reference the above paragraphs.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶38:**

Equifax, Experian and Trans Union willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

9

324954902v.1

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the  information in Plaintiff's consumer reports, as required by 15 U.S.C. §1681e(b);

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including  but not limited to parts and subparts; and

c)      failing to comply with the provisions of 15 U.S.C. §1691c-2, including failing to block information that resulted from identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶39:**

As a result of Equifax, Experian and Trans Union's willful violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶40:**

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶41:**

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶42:**

Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n.

324954902v.1

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.      On Plaintiff's First Claim for Relief:

      a.      Actual damages in an amount to be determined by the jury; and

      b.      Attorney fees and costs.

2.      On Plaintiff's Second Claim for Relief:

      a.      Actual damages in an amount to be determined by the jury;

      b.      Punitive damages in an amount to be determined by the jury;

      c.      Statutory damages as determined by the Court; and

      d.      Attorney fees and costs.

3.      Trial by jury is requested.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it.  Equifax is neither incorporated nor headquartered in Missouri, and the conduct giving rise to Plaintiff's claim occurred outside of Missouri ands was not targeted at Missouri.

11

324954902v.1

## SECOND DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  May 27, 2026

Respectfully submitted,

POLSINELLI PC

By:  */s/ Britton St. Onge*

Britton St. Onge (#62256MO)
bstonge@polsinelli.com
7676 Forsyth Boulevard, Suite 800
St. Louis, Missouri 63105
Telephone:  (314) 889-8000
Facsimile:  (314) 231-1776

*Counsel for Defendant*
*Equifax Information Services LLC*

12

324954902v.1