**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| Elizabeth Ann Winfrey, | ) | |
| | ) | Case No.:  4:26-cv-00516 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Equifax Information Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PROPOSED SCHEDULING PLAN**

COMES NOW, Plaintiff Elizabeth Ann Winfrey ("Plaintiff") and Defendants Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. (collectively, "Defendants," and each a "Defendant," and, together with Plaintiff, the "Parties," and each, individually, a "Party") and pursuant to the Order of this Court, submit their Report of the Parties' Rule 26(f) Planning Meeting and the following Joint Proposed Scheduling Plan ("JSP"):

1. Track assignment:  The case has been assigned to Track 2 by the Court.  The Parties agree that this assignment is appropriate.

2. Joinder of Additional Parties/Amendment of Pleadings:  All motions for leave to join additional parties and for leave to amend pleadings shall be made on or before **July 17, 2026.**

3. **Discovery Plan--**

(a) Electronically stored information:  The Parties agree to narrowly tailor their discovery requests to avoid overly broad, unduly burdensome production of electronically stored information. The Parties do not believe that this case is suitable for electronic discovery, but are amenable to producing any electronically stored information in hard copy or Portable Document

1

Format (.pdf) as an initial matter. Once the Parties have had the opportunity to review such documents, the Parties agree, if necessary, to confer regarding any additional exchange or production that the Parties believe is necessary. If any Party believes in good faith that it needs documents produced in a different electronically stored format, the Party will confer with the producing party and the producing party will provide documents in the requested format so long as it is reasonable and not an undue burden.

(b)     Claims of privilege and/or work-product protection:  Inadvertent production of an otherwise privileged document shall not be deemed a waiver of its privileged status.  A Party may "claw back" such production by notifying the other Party of the inadvertent production, and the grounds for the assertion of privilege or work-product protection, as soon as possible after the producing party discovers the inadvertent production, at which point the receiving party shall cease further examination of the material and return and/or destroy the inadvertently produced document or documents.  The Parties anticipate filing a joint motion for entry of a protective order in this matter.  The Parties agree that the Parties need not identify on a privilege log any attorney-client communications relating to this lawsuit that occurred and/or were created after each of the law firms were retained in this matter, in order to preserve such objections.

(c)     Initial Disclosures:  All Parties shall disclose information pursuant to Rule 26(a)(1) on or before **July 31, 2026.**

(d)     Discovery limitations:  The Parties agree that fact discovery should be conducted before expert discovery but that discovery will not otherwise be conducted in phases. All requests for written discovery must be served so that answers thereto shall be due to be served not later than the discovery cutoff date. The Parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

Depositions and production of documents will take place as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

(e)    Expert Witness:  Disclosure and deposition of expert witnesses, if any, shall proceed as follows:

Plaintiff shall identify her opinion/expert witnesses, if any, and provide her experts' reports no later than **February 5, 2027**.

Defendants shall identify their opinion/expert witnesses, if any, and provide their experts' reports no later than **March 5, 2027**.

All Parties' opinion/expert witnesses, if any, must be made available for depositions by the close of discovery.

(f)    Depositions and Written Discovery limits:  The Parties propose that Plaintiff may conduct up to five (5) depositions of witnesses with regard to each Defendant, unless the Court grants leave otherwise. Each Defendant may conduct up to five (5) depositions, unless the Court grants leave otherwise.  The Parties agree to confer if the needs of the litigation dictate that any Party needs additional depositions. The Parties agree that interrogatories will be limited to 25 per Party as set forth in Fed. R. Civ. P. 33(a), unless the Court grants leave otherwise.  The Parties agree that the number of requests for production of documents and requests for admission shall each be limited to 25 per Party, (including sub-parts) unless the Court grants leave otherwise.

(g)    The Parties agree that for any subpoena commanding the production of documents, electronically stored information, or tangible things that the notice requirements provided in Federal Rule of Civil Procedure 45(a)(4) shall control.  The Parties further agree that for any subpoena for testimony only they will provide opposing counsel with copies of any such subpoena contemporaneously with issuance of any such subpoena.  The Parties further agree to

produce or make available for copying all documents received in response to a subpoena, within seven (7) calendar days upon actual receipt of such documents, absent a showing of good cause.

(h)     Physical and mental examinations:  Because discovery has not yet begun, it is too soon to determine whether any of the Parties anticipate seeking physical or mental examinations of any Parties.  Pursuant to Fed. R. Civ. P. 35, each Party reserves the right to request such an examination.

(i)     Close of discovery:  The Parties propose that all fact discovery shall be completed on or before **January 15, 2027.**  All discovery shall be completed by **March 31, 2027**.

4.  Alternative Dispute Resolution:  At this time the Parties do not believe that a referral of action to mediation or early neutral evaluation would be productive.  However, the Parties are amenable to discuss the possibility of mediation or early neutral evaluation after the Parties have engaged in some fact discovery.

5.  Dispositive motions:  The Parties propose that that all dispositive motions shall be filed on or before **April 30, 2027.**

6.  Trial:  The Parties suggest that this cause will be ready for trial no later than 60 days following the Court's ruling on summary judgment motions.

7.  Trial Length:  The Parties estimate that 3 days will be required to try this cause to verdict.

At this time, the Parties do not anticipate any other matters that need to be included in the JSP.

By:    /s/ Matthew P. Cook          _____
Cook Law, LLC
Matthew P. Cook #62815
2885 Sanford Ave SW #42270
Grandville, MI 49418

Phone:  314-200-5536
Email:  Cookmp21@yahoo.com

*Attorney for Plaintiff*

and

**JAMES SOBBA, LLC**

*/s/  G. Edgar James*
G. EDGAR JAMES    MO #49585
4435 Main Street, Suite 910
Kansas City, Missouri 64111
Telephone: (816) 623-0544
ejames@jamessobba.com

*Attorney for Defendant Experian Information Solutions, Inc.*

POLSINELLI PC

By:  */s/ Britton St. Onge*
Britton St. Onge (#62256MO)
bstonge@polsinelli.com
POLSINELLI PC
7676 Forsyth Boulevard, Suite 800
St. Louis, Missouri 63105
Telephone:  (314) 889-8000
Facsimile:  (314) 231-1776

Counsel for Defendant
Equifax Information Services LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2026, I filed the foregoing via ECF filing, which has served all interested parties:

   /s/ Matthew P. Cook
                Matthew P. Cook

5